UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-80272-CIV-HURLEY/HOPKINS

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

UNCOMMON MEDIA GROUP, INC.,
3RD DIMENSION, INC., LAWRENCE GALLO,
TIMOTHY RAFFERTY AND FREDERICK
HORNICK, Jr.,

    Defendants.



FILED by ___ D.C.
JUL - 2 2004
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT LAWRENCE GALLO

Plaintiff Securities and Exchange Commission ("SEC" or "Commission") commenced this action by filing its Complaint against, among others, Defendant Lawrence Gallo ("Defendant"). In its Complaint, the Commission sought, among other relief, a permanent injunction to prohibit violations by the Defendant of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c); Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a); Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, thereunder, an order providing for disgorgement and prejudgment interest thereon, imposition of a civil money penalty against Defendant pursuant to Section 20(d) of the Securities Act, and Section 21(d) of the Exchange Act, a Penny Stock Bar pursuant to Section 603 of the Sarbanes-Oxley Act of 2002 [Public Law No. 107 - 204, 116 Stat. 745 (July 30, 2002)], Section 21(d)(6) of the Exchange Act, 15 U.S.C. §

78u(d)(6), and Section 20(g) of the Securities Act, 15 U.S.C. § 77t(g), and pursuant to the Court's equitable powers, and an Officer and Director Bar, pursuant to Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), and Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), barring Defendant from serving as an officer or director of any issuer required to file reports with the Commission pursuant to Sections 12(b), 12(d) or 15(d) of the Exchange Act, 15 U.S.C. §§ 78l(b) and (g), and § 78o(d).

Defendant, by the Consent affixed hereto, without admitting or denying any of the allegations in the Commission's Complaint or any other paper filed herein, except as to the jurisdiction of this Court, has agreed to the entry of this Judgment of Permanent Injunction and Other Relief ("Judgment"). This Court having accepted such Consent and this Court having jurisdiction over the Defendant and the subject matter hereof, and the Court being fully advised in the premises,

## I.

### SALE OF UNREGISTERED SECURITIES IN VIOLATION OF SECTION 5 OF THE SECURITIES ACT

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce

or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding of examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

## II.

## FRAUD IN VIOLATION OF SECTION 17(a) OF THE SECURITIES ACT

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant, his officers, agents, servants, employees, representatives, and all persons in active concert or participation with him, and each of them, directly or indirectly, who receive actual notice of this Final Judgment, by personal service or otherwise, be and they hereby are, permanently restrained and enjoined from, directly or indirectly, singly or in concert, as aiders and abettors or otherwise, in the offer or sale of any security, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

(a) knowingly employing any device, scheme or artifice to defraud;

(b) obtaining money or property by means of any untrue statement of material fact or omission to state any material fact necessary in order to make the statement made, in light of the circumstances under which it was made, not misleading; or

(c) engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon purchasers or prospective purchasers of any such security, in violation of Sections 17(a)(1), 17(a)(2) and 17(a)(3) of the Securities Act, 15 U.S.C. §§ 77q(a)(1), 77q(a)(2) and 77q(a)(3).

### III.

### FRAUD IN VIOLATION OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5 THEREUNDER

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant, his officers, agents, servants, employees, representatives, and all persons in active concert or participation with him, and each of them, directly or indirectly, who receive actual notice of this Final Judgment, by personal service or otherwise, be and they hereby are, permanently restrained and enjoined from, knowingly, willfully, or recklessly, directly or indirectly, singly or in concert, as aiders and abettors or otherwise, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

(a) employing any device, scheme or artifice to defraud;

(b) making any untrue statements of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in violation of Section 10(b) of the



Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, thereunder.

## IV.

## OFFICER AND DIRECTOR BAR

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act,15 U.S.C. § 78, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

## V.

## PENNY STOCK BAR

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. 240.3a51-1.

## VI.

## DISGORGEMENT

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant shall disgorge, with prejudgment interest, all ill-gotten profits or proceeds that he received, directly or indirectly, as a result of the acts or courses of conduct described in the Complaint. The dollar amount of disgorgement shall be reached by agreement of the parties or, if the parties are unable



to reach agreement, the amount shall be determined by the Court upon the Commission's motion. Defendant may not, by way of defense to such a motion, challenge or otherwise contest the allegations of the Complaint, which shall be deemed true by the Court for purposes of this motion. Nothing in this Judgment shall prevent Defendant from presenting evidence regarding the amount of disgorgement sought by the Commission in such motion.

## VII.

## PENALTIES

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that the amount of civil penalties, if any, that Defendant shall be required to pay pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d) and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), in connection with the activities described in the Commission's Complaint, shall be determined by the Court upon the Commission's motion. Defendant may not, by way of defense to such a motion, challenge or otherwise contest the allegations of the Complaint, which shall be deemed true by the Court for purposes of this motion. Nothing in this Judgment shall prevent Defendant from presenting evidence of factors mitigating against the imposition of a civil penalty, or its amount.

## VIII.

## RETENTION OF JURISDICTION

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction over this matter and Defendant in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order

other relief that this Court deems appropriate under the circumstances.

**DONE AND ORDERED** this 2nd day of July, 2004 at West Palm Beach, Florida.

Daniel T.K. Hurley
**DANIEL T.K. HURLEY**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Chih-Pin Lu, Esq.
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
305/982-6340
305/536-4154 Fax
*Counsel for Securities and Exchange Commission*

Gary S. Betensky, Esq.
Richman Greer, et al.
One Clearlake Centre, Suite 1504
250 Australian Avenue South
West Palm Beach, Florida 33401-5016
(561) 803.3500
*Counsel for Timothy Rafferty*

Alfred Greco, Esq.
666 5th Avenue
New York, New York 10103
(212) 246-6550
*Counsel for Defendant Uncommon Media Group, Inc.*

Joel Hirschhorn, Esq.
Douglas Centre-Penthouse One
2600 Douglas Road
Coral Gables, Florida 33134
(305) 445-5320
*Counsel for Lawrence Gallo*

William Nortman
Ackerman Senterfitt
350 East Las Olas Boulevard
Suite 1600

5/27/04