UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-80272-CIV-HURLEY

**SECURITIES AND EXCHANGE COMMISSION,**

                **Plaintiff,**

v.

**UNCOMMON MEDIA GROUP, INC.,
LAWRENCE GALLO,
TIMOTHY RAFFERTY AND FREDERICK
HORNICK, JR.,**

                **Defendants.**
_____/

**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION TO AMEND JUDGMENTS OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST <u>DEFENDANTS LAWRENCE GALLO AND FREDERICK HORNICK, JR.</u>**

      Plaintiff Securities and Exchange Commission files this supplemental brief to respond to the Court's question of whether it has continuing jurisdiction over the judgments it entered against Defendants Lawrence Gallo and Frederick Hornick Jr. in light of the passage of more than four years since the Court entered those judgments. [D.E.132]. The Court does retain jurisdiction over these consent judgments because they were not final judgments under Rule 54(b) of the Federal Rules of Civil Procedure, and thus the Court may revise them at any time prior to the entry of a final judgment. Moreover, both judgments contain language in which the Court expressly retained jurisdiction over them in order to enforce their terms and determine issues related to other relief against the Defendants.

      Accordingly, there is no jurisdictional impediment to the Court granting the Commission's unopposed motion to amend both judgments and enter the proposed amended judgments.

## I.  Background

Gallo consented to the entry of a Judgment of Permanent Injunction and Other Relief, which the Court entered on July 7, 2004. [D.E. 96].  The judgment provides that Gallo is required to disgorge all ill-gotten gains and pay a civil penalty, with the dollar amounts to be determined either by agreement of the parties or the Court upon the Commission's motion.  The judgment also provides in section VIII. that:

> this Court shall retain jurisdiction over this matter and Defendant in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

[D.E. 96 at 6-7].  Hornick's Judgment of Permanent Injunction and Other relief, entered on June 10, 2004, contains identical provisions on disgorgement, civil penalty, and the Court's retention of jurisdiction. [D.E. 84].

The Commission filed its unopposed Motion to Amend Judgments of Permanent Injunction and Other Relief Against Defendants Lawrence Gallo and Frederick Hornick, Jr. on November 17, 2008.  [D.E. 131].  The Commission seeks to amend the relief imposed by removing a penny stock bar against Gallo and an officer-and-director bar against Hornick.  We inadvertently included this relief in the original complaint, and removed it from the Amended Complaint filed on November 17, 2008.  [D.E. 129].  And as noted, the motion to amend the judgments as to Gallo and Hornick is unopposed.

## II.  Legal Discussion

Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however

> designated, that adjudicates few than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities*.

Fed. R. Civ. P. 54(b) (emphasis added); *In re Yarn Processing Patent Validity Litigation,* 680 F.2d 1338, 1339-40 (11th Cir. 1982).

The judgments the Court entered against Gallo and Hornick in June and July 2004 were not final judgments because they did not adjudicate all the claims or rights and liabilities of Gallo and Hornick. They left open the amounts of disgorgement and a penalty each defendant must pay. Furthermore, the Court did not expressly determine in the two judgments that there was no just reason for delaying entry of a final judgment as required under Rule 54(b) for either of the judgments to be final. In contrast, as noted above, under both judgments this Court expressly retained jurisdiction in order to address future motions on the issue of relief.[1] *Cook v. Carolina Freight Carriers Corp.*, 867 F.2d 1266, 1267 (11th Cir. 1989) ("Generally, an order of the district court determining the issue of liability, but leaving damages to be determined, is not a final, appealable order."), citing *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976). For this reason, the judgments were not labeled "Final Judgments" and the Commission did not seek an entry of final judgment under Rule 54(b).

Accordingly, the Commission respectfully submits that, although it has been several years since the Court entered the judgments against Gallo and Hornick, under Rule 54(b) these judgments are not final. The Court may therefore revise them "at any time" before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities in accordance with both the Rule and the language of the two judgments.

---

[1] The Commission is actively working with Defendants Gallo and Hornick to resolve the remaining issues as to the relief sought in the Complaint.

3

For the reasons stated above, and in its prior papers, the Commission requests that the Court enter the proposed Amended Judgments with respect to Gallo and Hornick.

Respectfully submitted,

DATED: November 26, 2008         By:      s/ C. Ian Anderson
                                                                                                    C. Ian Anderson
Senior Trial Counsel
New York Reg. No. 2693067
Direct Dial: (305) 982-6317
E-mail: andersonci@sec.gov
***Lead Counsel***

Christopher E. Martin
Senior Trial Counsel
SD Fla. Bar. No. A5500747
Direct Dial:  (305) 982-6386
Facsimile:  (305) 536-4154
E-mail:  martinc@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone:  (305) 982-6300

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 26, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ C. Ian Anderson
C. Ian Anderson

## SERVICE LIST

Securities and Exchange Commission v. Uncommon Media Group, Inc., et al.
Case No.  04-80272-CIV-HURLEY
United States District Court, Southern District of Florida

Alfred Greco, Esq.
720 Fifth Avenue, Suite 1301
New York, NY 10019
(212) 246-3030
*Counsel for Defendant Uncommon Media Group, Inc.*
Service by U.S. Mail

Joel Hirschhorn, Esq.
Douglas Centre-Penthouse One
2600 Douglas Road
Coral Gables, Florida  33134
(305) 445-5320
*Counsel for Lawrence Gallo*
Service by U.S. Mail

Lawrence Gallo
1310 Bayridge Parkway
Brooklyn, NY 11228
(718) 232-1787
Service by U.S. Mail

Mr. Timothy Rafferty, *pro se*
Register No. 29892-053
FCI Otisville
P.O. Box 1000
Otisville, NY 10963
Service by U.S. Mail

David R. Chase, Esq.
David R. Chase, P.A.
1700 E Las Olas Blvd Ph 2
Fort Lauderdale Florida 33301-2407
 (954) 920-7779
*Counsel for Frederick Hornick, Jr.*
Service by CM/ECF electronic notice